UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1685-WYD-CBS

DOUGLAS BRUCE, individually and on behalf of Petitioners' Committee,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, COLORADO, a municipality;
ROBERT C. BALINK, in his official capacity as Clerk and Recorder of El Paso County, Colorado,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction filed August 31, 2005.  A hearing was held on this motion on Friday, September, 2, 2005, at 3:00 p.m. at which time counsel for both Plaintiff and Defendants were present.  For the reasons stated in this Order, Plaintiff's motion is denied.

On August 31, 2005, Plaintiff filed a Complaint and the present Motion seeking to have two ballot initiatives certified by the Clerk and Recorder of El Paso County and placed on the November 1, 2005 general election ballot.  See Complaint at 8; Plaintiff's Brief in Support of Motion for Temporary Restraining Order at 11–12.  Plaintiff alleges that he complied with the steps set forth in the Colorado Springs City Charter to place his two initiatives on the ballot.  Complaint at 4–6 ; Plaintiff's Brief at 9–11.  However, it

is contended that Defendant City of Colorado Springs did not place the initiatives on the ballot but instead filed a Complaint in El Paso County District Court seeking a declaratory judgment as to the propriety of Plaintiff's initiatives. *City of Colorado Springs v. Bull*, 05cv3292, Div. 5, filed August 24, 2005. Plaintiff asserts that his constitutional rights of free speech and due process have been violated and that such violations require the entry of a mandatory injunction. Defendants counter by arguing that the real issue in the case is the propriety of the two initiatives, which Defendants challenged in state court prior to the filing of this action. After careful consideration of the facts and applicable law, I conclude that Plaintiff has not shown irreparable injury to support the entry of injunctive relief. Alternatively, I find that this matter is one of the rare cases where abstention by the federal court is appropriate.

On the issue of injunctive relief, I find that the Plaintiff has not met his burden for the issuance of a temporary restraining order or preliminary injunction. In order to obtain injunctive relief, the following four factors must be proven: (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. *American Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).

The primary purpose of a temporary restraining order or preliminary injunction is to preserve the status quo pending a final determination of the parties' rights. *Otero Sav. and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th

Cir. 1981). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.* 269 F.3d 1149, 1154 (10th Cir. 2001).

Where the injunction seeks to disturb the status quo, as in this case where Plaintiff seeks to have this Court order that two ballot initiatives be placed on the November 1, 2005 ballot, the movant has a heightened burden of showing that the traditional four factors weigh in his favor before obtaining an injunction. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), cert granted *sub nom. Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, — U.S. — , 125 S.Ct. 1846 (2005). Because mandatory injunctions are disfavored, they must be "even more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is certainly extraordinary." *Id.* at 979 (citing *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.* 883 F.3d. 886, 888 (10th Cir. 1989).

With the foregoing background, I now consider Plaintiff's application for injunctive relief. The Plaintiff argues that he will suffer irreparable harm if the two initiatives are not placed on the November 1, 2005 ballot. To constitute irreparable harm, "the injury 'must be both certain and great,' . . . [and] must not be 'merely serious or substantial.'" *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (internal citations omitted). Further, "irreparable harm is often suffered when 'the injury can[not] be adequately atoned for in money,' . . . or when 'the district court cannot remedy [the injury] following a final determination on the merits.'" *Id.* (internal citations

omitted).  At the hearing, Plaintiff Bruce testified and his counsel argued that he thought his chances of securing approval for the two initiatives would be enhanced if they were on the ballot of the upcoming November 1, 2005 general election, because they were the flip-side of Referenda C and D, which are also on the ballot.  Despite Plaintiff's arguments on this point, I find them unpersuasive as reasons to grant injunctive relief.  Plaintiff may have these initiatives considered in a special election if they are determined proper issues for the ballot by the El Paso County District Court.  As such, the harm is not irreparable and injunctive relief should be denied.

In the alternative, I find that this is one of the rare cases where abstention by the federal court is appropriate.  The Supreme Court has noted that "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern situations involving the contemporaneous exercise of concurrent jurisdictions . . . .  These principles rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  Factors this Court must consider in deciding whether to abstain include the inconvenience of the federal forum, avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums.  *Id.* at 818.  Weighing these factors, I conclude that abstention is appropriate.  This matter is best resolved by the state court, where there is an action pending that will resolve the underlying issue of the legitimacy of the ballot initiatives.  Jurisdiction was first obtained by the El Paso County

District Court, and that court is the proper forum for resolving the issue of local election law. Rather than resolving this case in two different courts, the El Paso County District Court can resolve the entire case without the intervention of this Court. Further, Plaintiff is able to raise his constitutional concerns in the state-court proceeding.

Also instructive is the the Pullman doctrine of abstention, which the Supreme Court has relied on "[w]here there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim . . . ." *Harris County Comm'rs v. Moore*, 420 U.S. 77, 83 (1975). "Similarly, when the state-law questions have concerned matters peculiarly within the province of the local courts, . . . we have inclined toward abstention." *Id.* at 83–84 (internal citations omitted). The El Paso County District Court has before it an issue that is certainly within the province of the local courts—municipal election law. State court resolution of that issue is appropriate, and this Court will abstain until such a determination is made.

The Tenth Circuit, relying on the Pullman doctrine of abstention, has noted that abstaining "allows the state court to decide the state issues and the federal court to avoid deciding a federal constitutional question prematurely or unnecessarily, since, if the state court should hold the order unauthorized as a matter of state law, there will be no need for the federal court to pass on the federal question." *Western Food Plan, Inc. v. MacFarlane*, 588 F.2d 778, 781 (10th Cir. 1978). Based on the foregoing, I conclude that this is a case in which abstention by the federal court is appropriate.

Accordingly, it is

ORDERED that Plaintiff's Motion for Temporary Restraining Order or Preliminary

Injunction filed August 31, 2005 is **DENIED**.

Dated this 6th day of September, 2005.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
United States District Judge